UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**ELMER PLEASANT, JR.**      **CIVIL ACTION NO. 23-1061**

**VS.**      **SECTION P**

     **JUDGE ELIZABETH E. FOOTE**

**DISTRICT ATTORNEY'S OFFICE, ET AL.**      **MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT AND RECOMMENDATION

Plaintiff Elmer Pleasant, Jr., a prisoner at Franklin Parish Detention Center proceeding pro se and in forma pauperis, filed this proceeding on approximately July 24, 2023, under 42 U.S.C. § 1983. He names the following defendants: District Attorney's Office for the 5th Judicial District, District Attorney Caroline Hemphill, and Judge Clay Hamilton.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims that the "District Attorney's Office for the 5th Judicial District maliciously prosecuted" him. [doc. # 1, p. 2]. He attaches a bill of information showing that in 2015, an assistant district attorney charged him with (1) possession of a firearm by a convicted felon and (2) illegal possession of a weapon. *Id.* at 4. He was convicted of both charges. [doc. # 14, p. 2]. He is currently appealing the convictions before a state court. *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Plaintiff claims, "District Attorney Caroline Hemphill illegally patent her files to include several false arrest and convictions to present to the court as a vehicle to violate Plaintiff's guaranteed right to due process of law . . . [sic]." [doc. # 14, p. 1].

Plaintiff claims that Judge Clay Hamilton violated the Double Jeopardy Clause, "allow[ing]" him to be convicted of possession of a firearm by a convicted felon and illegal possession of the same firearm. [doc. # 14, p. 1]. Plaintiff also claims that Judge Hamilton "refused to allow him to speak on his own behalf[.]" *Id.*

Plaintiff seeks monetary relief. [doc. # 7, p. 4].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2

"based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra*. A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state

3

a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Judicial Immunity**

As above, Plaintiff claims that Judge Clay Hamilton violated the Double Jeopardy Clause, "allow[ing]" him to be convicted of possession of a firearm by a convicted felon and illegal possession of the same firearm. [doc. # 14, p. 1]. Plaintiff also claims that Judge Hamilton "refused to allow him to speak on his own behalf[.]" *Id.* Plaintiff seeks monetary relief. [doc. # 7, p. 4].

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). It "applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). It "extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Kemp ex rel. Kemp v. Perkins*, 324 Fed. App'x. 409, 411 (5th Cir. 2009) (*citing Adams v.*

*McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)). There are only two exceptions: (1) non-judicial actions, i.e., actions not taken in the judge's judicial capacity; and (2) lawsuits challenging actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

"In determining whether an action is judicial, a court looks to the nature of the act itself; that is, whether the challenged act is a function normally performed by a judge." *Id.* Courts consider four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Ballard*, 413 F.3d at 515. "These factors are broadly construed in favor of immunity." *Id.* "Immunity may be applied even if one or more of these factors is not met." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017).

"Immunity is not affected by the alleged magnitude of the judge's errors or the mendacity of his acts." *Stokes v. Ward*, 132 F.3d 1455 (5th Cir. 1997); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Here, managing or presiding over court proceedings,[3] entering convictions,[4] deciding

---

[3] *See Bradley v. Salvant*, 2020 WL 1896550, at *1 (5th Cir. Apr. 16, 2020); *Broadway v. Sinex*, 166 F.3d 339 (5th Cir. 1998).

[4] *See Phillips v. Cowie*, 2023 WL 2524457, at *1 (5th Cir. Mar. 15, 2023), *cert. denied,* 143 S. Ct. 2671 (2023) (finding that a judge was absolutely immune, where the plaintiff alleged that the judge "wrongfully entered his conviction[,]" because the alleged action was "plainly taken in the" judge's judicial capacity).

whether to allow testimony,[5] ruling on objections and motions,[6] and sentencing defendants,[7] are all acts normally performed by a judge.  Moreover, Plaintiff does not allege that Judge Hamilton acted outside of his courtroom or chambers.  Likewise, Plaintiff's claims clearly "center around" proceedings before the judge, and nothing indicates that the alleged acts arose outside of a visit to the judge in his official capacity.[8]  Nor does Plaintiff allege that the judge acted in the absence of all jurisdiction.  *See* LA. CONST. ART. V, § 16 ("[A] district court shall have original jurisdiction of all civil and criminal matters.").

Accordingly, Judge Hamilton is entitled to absolute judicial immunity with respect to Plaintiff's request for compensation.

---

[5] *See Clark v. Lindsay*, 68 F.3d 465 (5th Cir. 1995) (finding a judge absolutely immune where the plaintiff alleged that the judge denied him the right to call witnesses to testify on his behalf).

[6] *See Clark v. Lindsay*, 68 F.3d 465 (5th Cir. 1995) (finding a judge immune from a claim that the judge denied the plaintiff's motion for appointment of counsel); *Bailey v. Johnston*, 2012 WL 5207589, at *5 (W.D. La. Oct. 1, 2012), report and recommendation adopted, 2012 WL 5199409 (W.D. La. Oct. 22, 2012) (finding that denying a motion was "clearly" an act that arose out of judges' normal judicial functions); *Diaz v. Tocci*, 2016 WL 3365494, at *6 (W.D. Tex. June 16, 2016) ("[T]he fact plaintiff disagrees with the rulings made by his state trial court judges does not, standing alone, establish those rulings were taken in a complete absence of all jurisdiction or that those judges were acting outside the scope of their official judicial duties when they made the rulings adverse to plaintiff.").

[7] *See Mackey v. Helfrich*, 442 F. App'x 948, 950 (5th Cir. 2011) ("[I]mposing the suspended sentence and then revoking the suspension were within his judicial functions and within the scope of his jurisdiction."); *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993) (citing with approval an out-of-circuit case recognizing that judges are "immune for actions of arraigning, convicting and sentencing[.]"); *Johnson v. Kegans*, 870 F.2d 992, 997 (5th Cir. 1989); *Sleeman v. Brazoria Cty.*, 78 F.3d 582 (5th Cir. 1996).

[8] *See Morrison*, 704 F. App'x at 374 (finding judicial immunity even where the plaintiff failed to offer any allegations relating to three of the four *Ballard* factors); *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 674 (5th Cir. 2015) ("Avdeef makes no effort to argue that Judge Chupp's actions were 'nonjudicial' in nature or were taken 'in the complete absence of all jurisdiction,' as required to overcome judicial immunity.").

**3. District Attorney's Office and District Attorney Caroline Hemphill**

Plaintiff baldly claims, "District Attorney Caroline Hemphill illegally patent her files to include several false arrest and convictions to present to the court as a vehicle to violate Plaintiff's guaranteed right to due process of law . . . [sic]." [doc. # 14, p. 1]. Plaintiff also alleges that Hemphill and the "District Attorney's Office for the 5th Judicial District" maliciously prosecuted him.

To reiterate, a complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662.

Here, Plaintiff's initial allegation above against Hemphill is impermissibly vague and conclusory. His veritably inscrutable claim simply invites the Court to speculate as to what he means.

Plaintiff does allege that the "District Attorney Office for the 5th Judicial District" and a prosecutor maliciously prosecuted him,[9] but the claim is no more than a label, conclusion, or formulaic recitation of a cause of action, which is insufficient.[10, 11] The Court should dismiss

---

[9] [doc. #s 1, p. 2; 7, p. 3].

[10] *See, e.g., Tomasella on Behalf of Est. of Tomasella v. Kaufman Cnty. Child Support*, 2022 WL 17752124, at *3 (5th Cir. Dec. 19, 2022) ("Tomasella's conclusory assertions that the Sheriff and Clerk continued his 'illegal incarceration,' . . . are insufficient to tie his civil rights claims to the specific actions of these Defendants.").

[11] Assuming, *arguendo*, Plaintiff claimed that Hemphill offered evidence of his prior arrests and convictions, Hemphill would be entitled to prosecutorial immunity. "Criminal prosecutors . . . enjoy absolute immunity from claims for damages asserted under [42 U.S.C.] § 1983 for actions taken in the presentation of the state's case." *Watson v. Walton*, 68 F.3d 465 (5th Cir. 1995).

these all-too-conclusory claims.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Elmer Pleasant, Jr.'s claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state claims on which relief may be granted, and for seeking relief from a defendant immune from such relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 16th day of October, 2023.

_____
Kayla Dye McClusky
United States Magistrate Judge